**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMILA REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01895-HEA |
| | ) | |
| NORTH COUNTY COOPERATIVE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPINION, MEMORANDUM AND ORDER</u>**

Before the Court are self-represented Plaintiff Jamila Reeves's (1) Application to Proceed in District Court Without Prepaying Fees and Costs, (Doc. 3), and (2) Motion to Appoint Counsel, (Doc. 2). Based on Plaintiff's financial information, the Court grants her application and waives the filing fee. The Court denies without prejudice her motion to appoint counsel.

Additionally, for the reasons set forth below, the Court dismisses Plaintiff's complaint for failure to state a claim on which relief can be granted. Plaintiff's ADA claims will be dismissed because Plaintiff does not allege enough facts to plausibly state a claim against Defendants for either wrongful arrest or disability discrimination. Plaintiff's § 1983 claims against NCC, NCCPD will be dismissed for failure to plausibly allege *Monell* liability. Her claims against the private individual Defendants will be dismissed for failure to allege state action. Finally, to

the extent Plaintiff seeks to allege state law claims, these claims will be dismissed for lack of supplemental jurisdiction.

## Legal Standard on Initial Review

Under 28 U.S.C. §1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is

discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 1983, and state law, alleging that on August 29, 2025, three private individuals—Defendants Cosey, Wilson, and McGowan— conspired to "commit assault and attempted murder" on her "using aliases and illegal tattoos to evade accountability." Doc. 1 at 2-3. She alleges Defendants attempted to murder her because she reported child abuse to Defendant Missouri Department of Social Services (DFS), and DFS "failed to securely manage the plaintiff's confidential reports regarding a suspected mole within their system," resulting in Plaintiff's name being known and disclosed to Defendants. *Id.* Plaintiff sues the following individuals and entities: North County Cooperative (NCC), the North County Cooperative Police Department (NCCPD), DFS, Rashod Cosey, Ebony

Wilson, Helen McGowan, Officer Moore, Officer Brooks, and John Does 1-5.  She does not state in what capacity she sues Defendants.

Plaintiff states she is mentally and physically disabled, suffering from chronic traumatic injuries, post-concussive syndrome, severe anxiety, fibromyalgia, PTSD, borderline personality disorder "and other documented physical, neurological, and psychological disabilities requiring reasonable accommodations and specialized police response." *Id.* at 2.  Plaintiff states that McGowan and Wilson directed Cosey to attack and attempt to murder her at 4608 Edgewood Boulevard.  She suffered face, neck, and back fractures, cuts, internal bleeding, a concussion, and a finger injury.

NCCPD arrived on the scene.  At one point in her complaint, Plaintiff states "NCCPD officers . . . failed to render medical aid, instead falsely charging Plaintiff with assault."  *Id.* at 5.  Later, she states that she was cuffed "to be arrested and charged with assault but was released to medical care." *Id.*  It is unclear from the complaint whether Plaintiff was ever charged with anything.[1]  Plaintiff alleges this violated her rights under the ADA because she has disabilities requiring reasonable accommodations, such as "crisis-intervention officers and de-escalation training." *Id.* at 4.

Plaintiff's allegations against Officer Brooks concerns a separate incident on December 4, 2025.  She alleges Brooks "made racially and disability-biased

---

[1]  The Missouri state court docketing system, Missouri Case.net, has no records of any charges brought against Plaintiff related to this incident.

statements to Plaintiff." *Id.* at 3.  Specifically, she alleges Brooks stated, "I see why [redacted]—they don't want you here because you're combative." *Id.* at 6 (redaction in original).

For relief, Plaintiff seeks $70 million in compensatory and punitive damages.

**Discussion**

**I.     ADA Claims**

The ADA prohibits the "exclu[sion] from participation," the "den[ial of] the benefits of the services, programs, or activities of a public entity," or "discrimination by any such entity" based on the disability of a qualified individual.  42 U.S.C. § 12132.[2]

*(A)     ADA—Wrongful Arrest*

"In pursuing a claim under the ADA for wrongful arrest, federal courts have recognized that 'a plaintiff must establish three elements:  (i) the plaintiff was disabled, (ii) the arresting officers knew or should have known that the plaintiff was disabled, and (iii) the defendant arrested the plaintiff because of legal conduct related to the plaintiff's disability.'" *Baca v. City of Parkville*, No. 5:19-cv-6057-RK, 2021 WL 5702163, *4 (W.D. Mo. Dec. 1, 2021) (quoting *J.H. ex rel. J.P. v. Bernalillo*

---

[2] This Court has found that police departments are considered "public entities" such that their actions must be consistent with the ADA.  *Casey v. Cooper*, No. 4:23-cv-206-JMB, 2024 WL 1856176, **2-4 (E.D. Mo. Apr. 29, 2024) (recognizing a circuit split regarding whether the ADA applies to police action prior to and during arrests).  "The Eighth Circuit has not explicitly found that a plaintiff is legally foreclosed from pursuing discrimination and/or failure to accommodate claims as alleged by Plaintiff." *Id.*

*Cnty.*, 2014 WL 3421037, at *76 (D.N.M. Jul. 8, 2014)); *but see Ollestad v. City of Mora*, No. 25-cv-3-KMM/LB, 2025 WL 3215637, *6-7 (D. Minn. Nov. 18, 2025) (finding arrestee did not plausibly alleged disability discrimination during arrest and questioning whether Eighth Circuit recognizes an ADA claim for wrongful arrest).

Plaintiff's ADA claims fail because she has not plausibly alleged the arresting officers knew or should have known that she was disabled or that they knew of and disregarded her need for accommodations. She alleges only that "[d]espite notifying NCCPD of these needs, Defendants failed to provide reasonable accommodations." Doc. 1 at 4. She does not allege who she notified of her disability and her need for accommodations. Specifically, she does not allege the responding officers knew of her alleged disability or of her alleged required accommodations. While she states she has "documented disabilities," she does not state where and how her disabilities are documented. Finally, she does not allege that Defendants arrested her because of legal conduct related to her disability." Doc. 1 at 5.

For these reasons, the Court finds Plaintiff fails to state a claim under the ADA for wrongful arrest against Defendants.

### (B)    ADA—Disability Discrimination

Plaintiff also alleges that the officers did not reasonably accommodate her disability when responding to the call, which, liberally construed, might state a claim for disability discrimination under the ADA. She alleges that she has "documented disabilities requiring reasonable accommodations, including crisis-intervention and

de-escalation training." *Id.* at 4.  Despite allegedly notifying NCCPD of these needs, Plaintiff states Defendants failed to provide reasonable accommodations, violating the ADA.  Doc. 1 at 4.  She alleges NCCPD officers did not render medical aid, "instead falsely charging Plaintiff with assault and shielding the aggressor, further exacerbating the conflict and violating their obligations under the ADA."[3]  *Id.* at 5

"Whether officers reasonably accommodate an individual in the context of an arrest is 'highly fact-specific and varies depending on the circumstances of each case, including the exigent circumstances presented by criminal activity and safety concerns.'" *Baca*, 2021 WL 5702163, \*5 (quoting *Bahl v. Cnty. of Ramsey*, 695 F.3d 778, 784-85 (8th Cir. 2012)).  "This is so because, as the Eighth Circuit has reasoned, '[t]he duties of police officers during a traffic stop call for the exercise of significant judgement and discretion, and [courts] will not second guess those judgments, where . . . an officer is presented with exigent or unexpected circumstances' under which 'it would be unreasonable to require that certain accommodations be made in light of overriding public safety concerns.'"  An officer's duty to reasonably accommodate a person's disability during an arrest "arise[s] only if [the officer] had known that [the arrestee] needed an accommodation." *Id.* (quoting *J.H. ex rel. J.P.*, 806 F.3d at 1261).

---

[3]  Later states she was cuffed "to be arrested and charged with assault" but was released to medical care.  Doc. 1 at 5.

Again, Plaintiff has not alleged what disability of hers required accommodation.  Liberally construed, the Court will assume her PTSD requires accommodation.  Even at this, Plaintiff has not alleged the responding officers knew of her disability or any requisite reasonable accommodation.  She alleges only that she "notif[ied] NCCPD of these needs," without specifying how she notified NCCPD, when she notified NCCPD, who she spoke to, and what she said.  Doc. 1 at 4; *compare Baca*, 2021 WL 5702163 at *5 (requesting accommodation of her disability by requesting arrival of a female officer before pat-down search).  Nor does Plaintiff allege what specific accommodation she needed.  While she states "crisis-intervention" and "de-escalation," she does not allege with any specificity what the responding officers should have done to accommodate her.  *Id.*  Liberally construed, Plaintiff has not plausibly alleged that Defendants violated the ADA by failing to make reasonable accommodations for her disability when they arrived on the scene of her alleged assault.

Finally, the Eighth Circuit has found that to prevail on an ADA claim against the city, a plaintiff must show the city's deliberate indifference, which requires the city to have notice of the allegedly discriminatory conduct.  *Casey v. Cooper*, No. 4:23-cv-206-JMB, 2024 WL 1856176, **2-4 (E.D. Mo. Apr. 29, 2024).  Plaintiff has not alleged that NCC and NCCPD knew of any discriminatory conduct being committed by its officers.

For these reasons, Plaintiff's disability discrimination claims under the ADA will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. Section 1983 Claims

Plaintiff also sues NCC, NCCPD, and Officers Moore, Brooks, and John Does 1-5 under § 1983 for violation of her constitutional rights. She alleges she was deprived of her equal protection and due process rights in violation of the Fourteenth Amendment, unreasonable seizure, and excessive force. Plaintiff alleges NCCPD's failure to train officers on "disability-specific interactions and its policy of labeling Plaintiff as 'combative' reflect deliberate indifference to her rights under § 1983 and ADA." *Id.* at 6.

### (A)    NCC & NCCPD

To establish a municipality's liability under *Monell v. Department of Social Services*, a plaintiff must show that their injury was caused by a policy or custom or failure to train. 436 U.S. 658 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not plausibly alleged that her constitutional violation was caused by a NCC or NCCPD policy or custom. The only policy Plaintiff cites is: "[L]abeling of Plaintiff as 'combative' constitute a policy of deliberate indifference to her constitutional rights." *Id.* at 7; *see also id.* at 6. But, the Eighth Circuit states that "[a] policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cnty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). Plaintiff has not alleged labeling her as combative was a policy statement, ordinance, regulation or decision adopted by NCC or NCCPD. While Officer Brooks might have told her she was combative, nothing about this interaction suggests that it was a NCC or NCCPD policy to label her combative and thereafter violate her constitutional rights.

As for an alleged failure to train, a plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cnty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff alleges in conclusory fashion that NCCPD's "Failure to train officers on disability accommodations" caused her injuries. Doc. 1

- 10 -

at 7.  Plaintiff has not plausibly alleged her constitutional violations were the result of NCCPD's failure to train.  She has not alleged any pattern of similar constitution violations by untrained officers and has not alleged that either NCC or NCCPD had notice that any of its training procedures were inadequate.

Plaintiff fails to state a § 1983 claim against NCC, NCCPD, or its officers in their official capacities because she has not plausibly alleged an unconstitutional policy, custom, or failure to train caused her alleged constitutional violations.  Plaintiff's § 1983 claims against these Defendants will be dismissed.

### (B)   *Officers Moore and Brooks*

Plaintiff does not indicate in what capacity she sues Officers Moore and Brooks.  Assuming she intends to sue them in their individual capacities, she has not stated a plausible claim against either officer under § 1983.  She alleges:  "NCCPD officers (Moore, Brooks, John Does) unreasonably seized Plaintiff via false arrest, failed to provide medical aid, and used excessive force or intimidation."  Doc. 1 at 7.  These allegations are entirely conclusory and implicate at least three officers.  The Court need not accept as true legal conclusions or recitals of the elements of the cause of action supported by mere conclusory statements.  *Barton*, 820 F.3d at 964.  "Liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed. Section 1983 does not sanction tort by association." *Christianson v. McLean Cnty.,* 176 F.4th 1076, 1083 (8th Cir.

2026).  Plaintiff's conclusory allegations about this group of officers fail to state a claim upon which relief can be granted.

As for Officer Brooks, Plaintiff alleges that on December 4, 2025, Officer Brooks responded to a call at Plaintiff's elderly relatives' residence.  Doc. 1 at 6.  Apparently, somebody at the residence had called police requesting that Plaintiff be removed from their home.  Plaintiff alleges Brooks "made a series of disturbing, racially-charged, and disability-biased statements," violating her constitutional rights.  As to Officer Brooks's alleged comments, Plaintiff states that Brooks said, "I see why [redacted]—they don't want you here because you're combative."  Doc. 1 at 6 (redaction in original).

Plaintiff alleges that these comments violated her Fourth Amendment rights as "[u]nreasonable seizure via hostile intimidation,"  But Plaintiff has not alleged any facts from which the Court could find any seizure under the Fourth Amendment.  And Plaintiff has not stated any equal protection or due process claims arising out of these circumstances.  For these reasons, the Court dismisses Plaintiff's § 1983 claims against Officer Brooks for failure to state a claim upon which relief may be granted.

## III.   Defendant Missouri Department of Social Services (DFS)

Plaintiff alleges DFS "failed to securely manage the plaintiff's confidential reports regarding a suspected mole within their system."  Doc. 1 at 5.  This allegedly resulted in Plaintiff's name being disclosed to the Defendants, "directly enabling the

- 12 -

plotted retaliation and criminal conspiracy against plaintiff." *Id.* at 6. Plaintiff alleges violations of her Fourth Amendment rights against unreasonable search and seizure and her Fifth Amendment due process rights.

Plaintiff's claim against DFS must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against Missouri DFS is a claim against a state agency. However, a state agency is not a "person" for purposes of § 1983. Plaintiff's suit against DFS is also barred by the Eleventh Amendment. Therefore, her claim against DFS must be dismissed.

## IV.   Defendants Rashod Cosey, Ebony Wilson, and Helen McGowan

Plaintiff identifies Rashod Cosey, Ebony Wilson, and Helen McGowan as the individuals that conspired to attempt to murder her. She alleges this violated her Fourteenth Amendment rights. To state a claim for a constitutional violation under

42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show that the defendant(s) acted under color of state law." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).  Plaintiff has not alleged Cosey, Wilson, and McGowan acted under color of law.  From her complaint, it appears all three are private citizens not affiliated with any governmental agency.  Nothing suggests these Defendants possessed any power by virtue of state law or that they were "clothed with the authority of state law," as required to state a § 1983 claim. *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011).   Plaintiff's constitutional claims brought against these private individuals will be dismissed.

## V.    State Law Claims

As discussed above, all Plaintiff's federal claims are subject to dismissal.  *See* Parts I-IV, *infra*.  In the "usual case" where all federal claims are dismissed, "the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Court finds this is the usual case, and the balance of factors to be considered in exercising supplemental jurisdiction, point toward declining jurisdiction.   The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's application to proceed in district court without prepaying fees or costs.  On initial review, Plaintiff's ADA and § 1983 claims will be dismissed for failure to state a claim upon which relief may be granted.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and these will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**.  (Doc. 3)

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants North County Cooperative, North County Cooperative Police Department, the Missouri Department of Social Services (DFS), Rashod Cosey, Ebony Wilson, Helen McGowan, Officer Moore, Officer Brooks, and John Does 1-5 are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  *See*  28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot.  (Doc. 2)

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 24th day of July, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 16 -